■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. POTTER, Appellant. [697 NYS2d 798] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25). Defendant argues that his motion to suppress items seized from a vehicle he was driving should have been suppressed. We disagree. The People presented evidence at the suppression hearing that the vehicle was stopped because it had no front license plate and the rear license plate was covered by snow. Defendant was unable to produce a driver's license or the registration for the vehicle. The trooper called in the license plate number and was informed that the license plates had been reported lost or stolen. The trooper also was informed that defendant's license had been revoked. That evidence supports County Court's conclusion that defendant was validly arrested and the vehicle impounded and that the items were seized pursuant to an inventory search conducted using proper police procedures (see, People v Galak, 80 NY2d 715, 718-719).

On cross-examination, the trooper testified that he had conducted a search of the vehicle before arresting defendant, purportedly with defendant's consent. Defendant argues that the trooper exceeded his authority by requesting to search the vehicle on a traffic stop (see, People v Guzman, 153 AD2d 320). The trooper testified, however, that no items were seized during that search and nothing that he observed during that search gave rise to his decision to run a check on the license plate and defendant's identifying information. He further testified that, upon discovering that the license plates were reported

lost or stolen and that defendant was driving with a revoked license, he had no choice but to arrest defendant and impound the vehicle. That testimony, credited by the suppression court, establishes that the arrest and subsequent inventory search were not pretextual.

Defendant was not denied the right to represent himself. The record establishes that defendant sought to represent himself and, following a full pretrial hearing on the issue, the court granted the motion and appointed defendant's assigned counsel as legal advisor. Defendant then withdrew his request to represent himself and his assigned counsel resumed representation. Immediately before the suppression hearing commenced, defendant again sought to represent himself. The court properly denied the request without a hearing; defendant's repeated requests were "calculated to undermine, upset or unreasonably delay the progress of the trial" (*People v McIntyre,* 36 NY2d 10, 18).

Upon our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.