■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD RHODES, Appellant. [723 NYS2d 2] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered August 19, 1998, convicting defendant, after a jury trial, of assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to consecutive terms of 12½ to 25 years and 5 years on the assault and criminal use convictions, respectively, and to concurrent terms of 7½ to 15 years

and 3½ to 7 years on the second-degree and third-degree weapon possession convictions, respectively, unanimously affirmed.

Defendant's claim that the court should have instructed the jury on the defense of justification is unpreserved and we decline to review it in the interest of justice. We reject defendant's suggestion that the court should have delivered such an instruction *sua sponte.* A justification charge would have been inconsistent with the defense strategy (*see, People v DeGina,* 72 NY2d 768), and was unsupported by the record in any event. Defendant received meaningful representation (*see, People v Benevento,* 91 NY2d 708, 713-714), and counsel was not ineffective for failing to raise a justification defense that would have been weak, at best, and which might have undermined a stronger defense (*People v Vukel,* 263 AD2d 416, *lv denied* 94 NY2d 830).

Defendant was convicted of assault in the first degree under Penal Law § 120.10 (1) (intentionally causing serious physical injury by means of deadly weapon) and criminal use of a firearm in the first degree under Penal Law § 265.09 (1) (a) (commits class B violent felony and possesses loaded weapon). He was sentenced pursuant to Penal Law § 265.09 (2), which provides, in pertinent part, that: *"Notwithstanding any other provision of law to the contrary,* when a person is convicted of criminal use of a firearm in the first degree as defined in subdivision one of this section, the court shall impose an additional consecutive sentence of five years to the minimum term of an indeterminate sentence imposed on the underlying class B violent felony offense where the person convicted of such crime displays a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged, in furtherance of the commission of such crime." (Emphasis added.)

On appeal, defendant argues that the five-year sentence was illegally imposed. He contends that, whether the five-year term is viewed as an enhancement of the sentence on the underlying felony or as the sentence imposed on the criminal use of a firearm count itself, the five-year term requires simultaneous conviction of the underlying felony and of criminal use of a firearm. Defendant further contends that in *People v Brown* (67 NY2d 555, 560-561, *cert denied* 479 US 1093), the Court of Appeals held that while "technically proper," simultaneous conviction of an underlying felony containing the element of possession or display of a firearm, and criminal use of a firearm based on the same weapon, constitutes an "abuse of discre-

tion," requiring vacatur of the criminal use conviction. Accordingly, defendant argues that, although the two counts were properly submitted to the jury in the conjunctive and verdicts were properly returned on both counts, the criminal use conviction should have been vacated, and thus cannot form the basis of the five-year sentence imposed pursuant to Penal Law § 265.09 (2).

Defendant's argument is raised for the first time on appeal, and we note that a claim that a criminal use conviction should have been vacated under *Brown* normally requires preservation (*People v Garner*, 174 AD2d 1028, *lv denied* 78 NY2d 966). However, the essence of defendant's argument is that the five-year sentence was illegally imposed, and a claimed violation of the right to be sentenced as provided by substantive law may be raised for the first time on appeal (*People v Samms*, 95 NY2d 52).

Turning to the merits of defendant's argument, we conclude that defendant was properly convicted and sentenced under the criminal use of a firearm count. The intent of Penal Law § 265.09 (2) is clear, namely that the "display[ ]" of a loaded weapon during the commission of a class B violent felony will automatically result in a five-year additional sentence, absent any of the mitigating factors set forth further in the subdivision. To apply *Brown* would effectively repeal this statute as to many violent felonies, an effect the Legislature could not have intended. A statute should not be construed so as to render it ineffective (McKinney's Cons Laws of NY, Book 1, Statutes § 144).

Defendant also argues that he was improperly sentenced under section 265.09 (2) because he was not indicted for, or convicted of, "displaying" a loaded weapon, an essential element of that subdivision. While section 265.09 (1) requires *either* possession of a loaded, operable weapon ([1] [a]) *or* display of an apparent firearm ([1] [b]), section 265.09 (2) requires display of a loaded, operable weapon. As noted, defendant was convicted under subdivision (1) (a). However, defendant's argument overlooks his conviction for assault in the first degree, committed by shooting the victim as charged in the indictment and submitted to, and found beyond a reasonable doubt by, the jury. The jury, having found, under the criminal use count, that defendant possessed a loaded, operable weapon, and also having found, under the assault count, that defendant shot the victim, necessarily found that defendant had "display[ed]" a loaded weapon, since "display" of a gun was established by proof that the defendant fired it to achieve the underlying

crime. Thus, there was no violation of defendant's right to have penalty-enhancing factual determinations made by a jury (*see, Apprendi v New Jersey*, 530 US 466).

We perceive no basis for invocation of the mitigation provisions of Penal Law § 265.09 (2) or for reduction of sentence in the interest of justice.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Tom, Andrias, Lerner and Saxe, JJ.