804 So.2d 507 (2001)
Dale Lee LENOIR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2660.
District Court of Appeal of Florida, Third District.
December 26, 2001.
Rehearing Denied February 1, 2002.
*508 Dale Lee Lenoir, in proper person.
Robert A. Butterworth, Attorney General; Katherine Fernandez Rundle, State Attorney, and Jessica Reid, Assistant State Attorney, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Dale Lee Lenoir appeals the summary denial of his rule 3.800 motion to correct an illegal sentence. We affirm.
At the start of trial, the State moved, over defense objection, to amend the information to include citation to Fla. Stat. 775.087 (reclassification of offense for possession or use of a weapon). The information originally cited 777.04 (attempt) and 782.04 (murder), as well as 790.07 for count two (unlawful possession of firearm while engaged in felony). The court granted the state's motion to amend. Lenoir was convicted and was sentenced to 22 years with the mandatory 3-year minimum for use of the firearm. The court vacated the judgment of guilt on the charge of possession of firearm while engaged in a felony.
Lenoir first argues that the lastminute amendment of the information to include section 775.087, Florida Statutes raised his offense level from a second degree *509 to a first degree felony, which prejudiced his defense. It is true that "the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989) (relying on Lackos v. State, 339 So.2d 217 (Fla.1976)). However, the amendment did not prejudice Lenoir as to any claimed defense because the language of the original information stated that Lenoir attempted to kill the victim by "shooting him with a firearm. ..." [e.s.] The error in the omission of the citation is not a ground for dismissing the count or for a reversal of a conviction based thereon if the omission did not mislead Lenoir to his prejudice. Fla. R.Crim. P. 3.140(d) (2001).
Additionally, the language in the original information states that Lenoir "attempted to kill [the victim] ... by shooting him with a firearm in violation of § 775.04 and 782.04," which citations refer to the offenses of attempt and murder. Amending the information to include the firearm statute causes the information to read correctly. There is no prejudice to Lenoir because he was always on notice that he was charged with committing the offense with a firearm. This claim is without merit and is also not the proper subject of a rule 3.800 petition; rather, Lenoir should have raised it on direct appeal.
Lenoir next makes a misplaced Apprendi[1] argument. In Apprendi, the United States Supreme Court held that a defendant's sentence cannot be increased beyond the statutory maximum by any fact, other than a prior conviction, that was not put before a jury and proven beyond a reasonable doubt. Here, Lenoir suggests that because the jury was not instructed in the elements of § 775.087 in order to find that a weapon was indeed used, the verdict therefore falls short of "proof beyond a reasonable doubt," and the reclassification from a second to a first degree felony constitutes an illegal Apprendi enhancement. He suggests that without the instruction the jury would not have had any knowledge with which to make a finding that a weapon was used.[2]
In State v. Overfelt, 457 So.2d 1385 (Fla.1984), the Supreme Court held that before a trial court may apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating. Here the record shows that the verdict form specifically sets forth the choice of finding the defendant guilty as charged with or without a firearm. The jury was properly on notice of the firearm element and chose to find Lenoir guilty of the offense of attempted second degree murder with a firearm. See also State v. Delva, 575 So.2d 643 (Fla.1991)("Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue on appeal.").
Affirmed.
NOTES
[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[2] This issue should have been raised on direct appeal; it is also not cognizable in a rule 3.800 petition and is thus procedurally barred.