828 So.2d 1038 (2002)
Wille J. HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2537.
District Court of Appeal of Florida, First District.
September 27, 2002.
Rehearing Denied October 31, 2002.
*1039 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Ann C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Willie J. Hunter appeals the trial court's order denying his motion to correct an illegal sentence filed pursuant to rule 3.800(a). The appellant challenges the enhancement of one of his sentences from a first-degree felony to a life felony on the basis of the use of a firearm in committing the crime, claiming that his sentence is unlawful under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), since the jury did not expressly find that he used a firearm. Because the jury found the appellant guilty as charged of a crime which involved a firearm, it necessarily found beyond a reasonable doubt that he had used a firearm during the commission of that crime. Accordingly, we affirm.
The appellant was charged by information with attempted first-degree murder with a firearm. The information specifically alleged that the appellant attempted to kill the victim "by shooting [him] with a pistol, ... and during the commission of [the crime the appellant] carried or had in his possession a firearm, to-wit: a pistol, contrary to the provisions of Sections 782.04, 777.04, and 775.087, Florida Statutes." (Emphasis added). The jury found the defendant guilty of attempt to commit first-degree murder as charged. The appellant's crime was enhanced from a first-degree felony to a life felony on the basis that the crime was committed with a firearm, and he received a sentence of 100 years.
Apprendi stands for the proposition that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. See Jones v. United States, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (2000) (stating elements must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt). Because this enhancement resulted in a sentence above the statutory maximum for attempted first-degree murder, the finding that the appellant used a gun had to comply with the Apprendi requirements that this fact was charged, submitted to the jury and proved beyond a reasonable doubt.
A jury can make a finding that the defendant committed the crime while using a firearm by finding the defendant guilty of a crime which involves a firearm. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). Where the information alleges that the crime was committed with a firearm and the jury finds that the defendant committed the crime as charged, the jury has necessarily found use of a firearm. See State v. Hargrove, 694 So.2d 729, 731 (Fla.1997); see also Bowser v. State, 638 So.2d 1042, 1043 (Fla. 1st DCA 1994). Such a finding satisfies the Apprendi requirement that the element of use of a firearm was charged, submitted to the jury, and proved beyond a reasonable doubt. See Lenoir v. State, 804 So.2d 507, 509 (Fla. 3d DCA 2002); see also New York v. Rhodes, 281 A.D.2d 225, 225, 723 N.Y.S.2d 2 (N.Y. 2d 2001); Clark v. North Dakota, 621 N.W.2d 576, 581-82 (N.D. 2001); Parker v. Indiana, 754 N.E.2d 614, 618-19 (Ind.Ct.App.2001); New Jersey v. McLean, 344 N.J.Super. 61, 779 A.2d 1128, *1040 1129, 1134-35 (2001); Louisiana v. Walker, 789 So.2d 86, 90-91 (La.App. 5th Cir. 2001). Therefore, the appellant's enhanced sentence was proper under Apprendi because when the jury found the appellant guilty of first-degree murder as charged, it necessarily found beyond a reasonable doubt that he had used a gun during this crime.
AFFIRMED.
ERVIN, VAN NORTWICK and BROWNING, JJ., concur.