MAXWELL, J.,
specially concurring:
¶ 58. I agree with the result reached by the majority. However, I write separately to address a matter that has not yet been confronted by Mississippi’s appellate courts — application of the firearm penalties set forth in Mississippi Code Annotated section 97-37-37 (Supp.2009). Section 97-37-37(1) provides:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.
If the firearm is used or displayed by a previously convicted felon, a mandatory ten-year consecutive sentence applies. See Miss.Code Ann. § 97-37-37(2).
¶ 59. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court instructed: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” In the case before us, the circuit judge increased Mayers’s sentence “beyond the prescribed statutory maximum” of thirty years’ imprisonment on each of the two aggravated assault counts. Thus, Apprendi ⅛ dictates were clearly triggered.
¶ 60. I agree with the majority that by returning guilty verdicts on the substantive aggravated-assault and firearm-pos *48 session counts, the jury made the necessary factual findings that Mayers used or displayed a firearm in the commission of another crime as required by section 97-37-37.
¶ 61. Though Mississippi courts have not addressed this specific issue, Florida courts have held where an indictment alleges “the crime was committed with a firearm and the jury finds that the defendant committed the crime as charged, the jury has necessarily found use of a firearm.” Hunter v. State, 828 So.2d 1038, 1039 (Fla.Dist.Ct.App.2002) (citing State v. Hargrove, 694 So.2d 729, 731 (Fla.1997), abrogated on other grounds by Galindez v. State, 955 So.2d 517, 522-23 (Fla.2007)). Other states have similarly reasoned that such findings satisfy the Apprendi requirement that the element of use of a firearm was charged, submitted to a jury, and proved beyond a reasonable doubt. See People v. Rhodes, 281 A.D.2d 225, 227-28, 723 N.Y.S.2d 2 (N.Y.App.Div.2001); Clark v. State, 621 N.W.2d 576, 581-82 (N.D.2001); Parker v. State, 754 N.E.2d 614, 618-19 (Ind.Ct.App.2001); State v. McLean, 344 N.J.Super. 61, 779 A.2d 1128, 1129, 1134-35 (2001); State v. Walker, 789 So.2d 86, 90-91 (La.Ct.App.2001).
¶ 62. However, situations arise where firearms are employed during the commission of a felony, but their use or display are not required elements of the charged predicate offense. For example, if a firearm is employed during a sexual battery, simply proving each element of the sexual-battery charge would not cover the necessary elements of use or display of a firearm. And in such instances, unless the circuit judge sentences the defendant well below the statutory maximum, Apprendi would prohibit the additional five and ten-year sentences provided in section 97-37-37(1) and (2).
¶ 63. In situations where the predicate offense does not contain the elements of use or display of a firearm, there are essentially two ways to trigger the enhanced penalties in 97-37-37(1) and (2). The first method is for prosecutors to charge section 97-37-37 in the indictment. Indeed, Title 18, Section 924(c)(1)(A) of the United States Code (Supp.2009) — the federal firearm counterpart, which Mississippi’s enhanced penalties in section 97-37-37 appear to have been modeled after — has since its inception been charged and presented to the jury in connection with the underlying predicate felony offense. This approach clearly complies with Apprendi and creates another arrow in the prosecutor’s quiver to fight felony crimes during which firearms are used or displayed. This method also provides notice to criminal defendants that they will be imprisoned for an additional five or ten years if they proceed to trial and are convicted of using or displaying a firearm.
¶ 64. A second approach entails submission of a special verdict form to the jury that requires deliberation and jury findings beyond a reasonable doubt on the separate elements of the firearm enhancement. While this second method has been approved by the Florida Supreme Court, see State v. Iseley, 944 So.2d 227, 230-31 (Fla.2006), there are questions whether it meets the notice requirements set forth in Jones v. United States, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (holding that the Due Process Clause and Sixth Amendment require that any fact other than a prior conviction that increases the maximum penalty for a crime must be charged in the indictment).
¶ 65. In my opinion, the first method of simply charging section 97-37-37 in the indictment would create the least confusion among the bench and bar and would meet constitutional notice and due process *49 requirements as well as the dictates of Apprendi.
BARNES AND ROBERTS, JJ, JOIN THIS OPINION.