■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY BRYANT, Appellant. [909 NYS2d 57]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered November 26, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (two counts) and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to an aggregate term of nine years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police properly stopped the car in which defendant was riding after the driver committed traffic violations. Defendant argues that the recovery of the contraband at issue was the fruit of an unnecessarily prolonged traffic stop. That argument is without merit, because the police lawfully arrested the driver for unauthorized use of a vehicle. The driver admitted "knowing that he [did] not have the consent of the *owner*" (Penal Law § 165.05 [1] [emphasis added]), which was a rental company. The driver stated that he borrowed the car from the lessee, and the rental agreement did not list the driver as an additional person authorized by the owner to drive the car.

At trial, the People introduced a letter found on the person of the driver (a jointly tried codefendant) that contained instructions for completing a drug transaction. As we observed in addressing whether there was a legitimate nonhearsay purpose for this evidence in connection with a hearsay issue raised on the codefendant's appeal (*People v Overton*, 66 AD3d 604 [2009], *lv denied* 14 NY3d 772 [2010]), the letter was relevant to the codefendant's intent to sell the drugs he possessed. The court

properly declined to exclude this evidence, or to grant defendant a mistrial and severance. A further limiting instruction would have sufficed to prevent any prejudice, but defendant declined that remedy (*see People v Young*, 48 NY2d 995 [1980]). In any event, while we conclude that the court should have charged the jury that the letter was received only for its bearing on the co-defendant's intent and for no other purpose, any error was harmless in view of the overwhelming evidence connecting defendant to the drugs and weapons in the car.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.