# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

686
KA 11-01414
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TYSHAWN BUSH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 21, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the suppression court (DiTullio, J.) erred in refusing to suppress the weapons seized from the vehicle he was driving and the statements he made to police officers following his arrest. The credibility determinations of the suppression court "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Spann*, 82 AD3d 1013, 1014 [internal quotation marks omitted]). Contrary to defendant's contention, the testimony of two of the police officers that they observed defendant drinking from a Budweiser beer bottle as he drove the vehicle is not incredible as a matter of law (*see People v Villanueva*, 137 AD2d 852, 853, *lv denied* 71 NY2d 1034). Nor is the arresting officer's testimony that he observed a revolver in plain view inside the vehicle "unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618, *lv denied* 5 NY3d 829). The suppression court was entitled to credit the testimony of the officers (*see People v Gandy*, 85 AD3d 1595, 1596, *lv denied* 17 NY3d 859) and, on the basis of that testimony, properly concluded that the People met their burden of establishing "the legality of the police conduct in the first instance" (*People v Berrios*, 28 NY2d 361,

367; *see Spann*, 82 AD3d at 1014).