# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**512**

**KA 12-01075**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

CARLOS A. TORRES, JR., ALSO KNOWN AS CARLOS A.
TORRES, ALSO KNOWN AS CARLOS TORRES, ALSO KNOWN
AS CARLOS TORRES, JR., DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 5, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Contrary to defendant's contention, we conclude that the record supports County Court's determination that the police had probable cause to arrest him (*see People v Shapiro*, 141 AD2d 577, 577-578, *lv denied* 72 NY2d 1049; *see generally People v Gibeau*, 55 AD3d 1303, 1303-1304, *lv denied* 12 NY3d 758). The arresting officer testified that, after he executed a traffic stop based upon defendant's failure to signal a left turn, he observed that defendant "had slurred slow speech [and] bloodshot glassy eyes," and that "there was also an odor of mari[h]uana coming from the vehicle." Defendant admitted that he had ingested hydrocodone and had smoked marihuana two or three hours prior to the traffic stop. The officer further testified that defendant failed a number of field sobriety tests and that he determined, based on his training and experience, that defendant was impaired by the use of drugs. The suppression court credited the officer's testimony, and we see no basis to disturb that credibility determination (*see People v Bush*, 107 AD3d 1581, 1582, *lv denied* 22 NY3d 954).

Defendant further contends that the People's refusal to disclose the search warrant application constituted a denial of his statutory

and constitutional rights, and that the court should have ordered disclosure of a redacted copy of the application.  Those contentions, however, are forfeited by defendant's guilty plea (*see People v Ippolito*, 114 AD3d 703, 703; *People v Oliveri*, 49 AD3d 1208, 1209; *see generally People v Hansen*, 95 NY2d 227, 230-231).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court