■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PEREZ, Appellant. [999 NYS2d 56]—Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered March 21,

2011, as amended April 13, 2011, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 10 and five years, respectively, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Defendant's claim that his counsel was ineffective for failing to request a justification charge is unreviewable on direct appeal, since it involves matters of strategy not reflected in the record (*see People v Kin Wong*, 81 AD3d 421 [1st Dept 2011], *lv denied* 16 NY3d 896 [2011]), and defendant has not made a CPL 440.10 motion. As an alternative holding, insofar as the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defense counsel "was not ineffective for failing to raise a justification defense that would have been weak, at best, and which might have undermined a stronger defense" (*People v Rhodes*, 281 AD2d 225, 226 [1st Dept 2001], *lv denied* 96 NY2d 906 [2001]). Counsel reasonably pursued a strategy of arguing that the People's eyewitnesses lacked credibility, and that their testimony was scarcely corroborated by any physical evidence.

Defendant's argument that the court should have given a justification charge is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly refrained from charging justification, because it was unsupported by any reasonable view of the evidence. Furthermore, regardless of whether such a charge was supported by a reasonable view of the evidence, a sua sponte justification charge would have interfered with defendant's strategy (*see People v Kin Wong*, 81 AD3d at 421; *People v Johnson*, 75 AD3d 426 [1st Dept 2010]).

However, defendant is entitled to be resentenced with an express determination as to whether to grant or deny youthful offender treatment (*see People v Rudolph*, 21 NY3d 497 [2013]). We reject the People's argument that the court satisfied its obligation pursuant to CPL 720.20 (1) by imposing a sentence incompatible with such treatment after defense counsel had requested it, because the court was still required to "make an explicit determination on the record" (*People v Smith*, 113 AD3d 453, 454 [1st Dept 2014]). Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ.