SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

716
KA 14-00566
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TERRELL HALE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JEREMY V. MURRAY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered November 19, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress evidence on the basis that it was the fruit of an unnecessarily prolonged traffic stop. We reject that contention. The evidence at the suppression hearing established that the police lawfully stopped the rental vehicle being driven by defendant because it did not have a license plate lamp, and the license plate was rendered unreadable by a covering of dirt (*see* Vehicle and Traffic Law §§ 375 [2] [a] [4]; 402 [1]; *People v Brooks*, 23 AD3d 847, 848, *lv denied* 6 NY3d 810; *People v Potter*, 266 AD2d 920, 920-921, *lv denied* 94 NY2d 865). During their initial visit to the vehicle, the police asked to see defendant's license and registration, as well as the rental agreement for the vehicle. Upon examination of those documents away from the vehicle, they concluded that defendant was the sole occupant of the vehicle, but that he was not listed on the vehicle rental agreement as an authorized driver of the vehicle. That conclusion provided the police with at least "a founded suspicion that criminal activity [was] afoot" (*People v Hollman*, 79 NY2d 181, 184), i.e., that defendant was committing the unauthorized use of a motor vehicle in the third degree (*see* Penal Law § 165.05 [1]; *People v Bryant*, 77 AD3d 485, 485, *lv denied* 16 NY3d 829). The police were therefore justified in returning to the vehicle a second time to inquire into the identity of the person named on the rental agreement

and whether defendant had permission to use the vehicle (*see generally People v Jones*, 66 AD3d 1476, 1477, *lv denied* 13 NY3d 908; *People v Kelly*, 37 AD3d 866, 867, *lv denied* 8 NY3d 986). During their second visit to defendant's vehicle, one of the police officers saw a gun on the floor of the vehicle, which provided the police with probable cause to arrest defendant (*see People v Johnson*, 114 AD3d 1132, 1132, *lv denied* 24 NY3d 961). We therefore conclude that the police "did not inordinately prolong the detention beyond what was reasonable under the circumstances" (*People v Edwards*, 14 NY3d 741, 742, *rearg denied* 14 NY3d 794).

Contrary to defendant's further contention, the testimony from police officers at the suppression hearing was not " 'unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Bush*, 107 AD3d 1581, 1582, *lv denied* 22 NY3d 954). " 'The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795) and, here, there is no basis in the record to disturb the suppression court's determination to credit the testimony of the police officers (*see People v Williams*, 115 AD3d 1344, 1345; *Bush*, 107 AD3d at 1582).

Entered:  July 10, 2015                              Frances E. Cafarell
                                                      Clerk of the Court