Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 15, 2015. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree and robbery in the first degree (three counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), and three counts of robbery in the first degree (§ 160.15 [4]), arising from a series of incidents in which he shot a man in the face, used a firearm in an attempt to steal a car, and then used a firearm to steal a rental truck. He was apprehended by the police a few minutes after he stole the truck. We reject defendant’s contention that County Court erred in refusing to suppress, inter alia, all evidence seized as the result of his apprehension.
 

 Contrary to defendant’s initial contention, the testimony of the police officers at the suppression hearing was not “ ‘unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory’ ” (People v Bush, 107 AD3d 1581, 1582 [2013], Iv denied 22 NY3d 954 [2013]). “ ‘The suppression court’s credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record’ ” (People v Twillie, 28 AD3d 1236, 1237 [2006], lv denied 7 NY3d 795 [2006]). Based on our review of the testimony at the hearing, we perceive no basis to disturb the suppression court’s determination to credit the testimony of the police officers (see People v Williams, 115 AD3d 1344, 1345 [2014]; Bush, 107 AD3d at 1582).
 

 We reject defendant’s contentions that the initial encounter constituted a level-three forcible stop, and that the officers lacked the requisite reasonable suspicion that he was involved in a crime (see generally People v Moore, 6 NY3d 496, 498-499 [2006]; People v De Bour, 40 NY2d 210, 223 [1976]). Here, defendant matched the physical description of the person reported to have shot a man in the face, attempted to carjack a vehicle from two people nearby and then, at gunpoint, successfully robbed another man of a rental truck. Within a few minutes, defendant was observed a short distance away, exiting a rental truck matching the description of the stolen vehicle, and entering a nearby house. Shortly thereafter, a police officer observed him apparently leaving that house. Thus, “based upon defendant’s physical and temporal proximity to the scene of the reported incident” and those additional factors (People v McKinley, 101 AD3d 1747, 1748 [2012], Iv denied 21 NY3d 1017 [2013]), we conclude that the police initially had the requisite founded suspicion that criminal activity was afoot to justify their common-law inquiry (see id.; see generally People v Garcia, 20 NY3d 317, 322 [2012]; People v Hollman, 79 NY2d 181, 185 [1992]). The court properly determined that the police thereafter had the requisite reasonable suspicion that defendant “may be engaged in criminal activity” based upon those factors, together with his flight from the police (People v Sierra, 83 NY2d 928, 929 [1994]; cf. People v Cady, 103 AD3d 1155, 1156 [2013]; People v Riddick, 70 AD3d 1421, 1422-1423 [2010], lv denied 14 NY3d 844 [2010]).
 

 Contrary to defendant’s contention that he was arrested without probable cause when he was handcuffed and placed in the back of a police vehicle, “[t]he People presented testimony at the suppression hearing supporting the conclusion that defendant was subjected to a nonarrest detention preparatory to transporting him back to the location that was the subject of the [crimes] for a showup identification procedure” (People v Andrews, 57 AB3d 1428, 1429 [2008], lv denied 12 NY3d 850 [2009]; see People v Bolden, 109 AD3d 1170, 1172 [2013], lv denied 22 NY3d 1039 [2013])- Probable cause for defendant’s arrest was established when defendant was identified by the victims of the successful and attempted vehicle thefts as the perpetrator of those crimes.
 

 We reject defendant’s contention that the identification procedure was unduly suggestive. “Showup identifications ‘are strongly disfavored but are permissible if exigent circumstances require immediate identification . . . or[, as in this case,] the suspect [is] captured at or near the crime scene and can be viewed by the [victims] immediately’ ” (People v Johnson, 81 NY2d 828, 831 [1993]; see People v Duuvon, 77 NY2d 541, 544-545 [1991]). We also reject defendant’s contention that the showup identification procedure was rendered unduly suggestive because he was in handcuffs and in the presence of a uniformed police officer (see People v Santiago, 83 AD3d 1471, 1471 [2011], lv denied 17 NY3d 800 [2011]; People v Davis, 48 AD3d 1120, 1122 [2008], lv denied 10 NY3d 957 [2008]). Defendant’s contention that the victims “may have been improperly influenced at the time of the identification is purely speculative” (People v Berry, 50 AD3d 1047, 1048 [2008], lv denied 10 NY3d 956 [2008]; see People v Calero, 105 AD3d 864, 865 [2013], lv denied 22 NY3d 1039 [2013]), as is his further contention that the police otherwise suggested to the victims that defendant was involved in either the robbery or the attempted robbery.
 

 Defendant further contends that he was deprived of effective assistance of counsel at the hearing. That contention does not survive his plea of guilty inasmuch as “[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney[’s] allegedly poor performance” (People v Burke, 256 AD2d 1244, 1244 [1998], lv denied 93 NY2d 851 [1999]; see People v Fulton, 133 AD3d 1194, 1196 [2015], lv denied 26 NY3d 1109 [2016], denied reconsideration 27 NY3d 997 [2016]).
 

 Defendant further contends that the court erred in sentencing him without ruling on his objection to the statements that the crime victims provided to the court via the prosecutor, and that the sentence must be vacated and the matter remitted to the sentencing court for such a ruling. We reject that contention. It is well settled that, “as a matter of due process, an offender may not be sentenced on the basis of materially untrue assumptions or misinformation . . . Rather, [t]o comply with due process . . . the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate” (People v Naranjo, 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]). It is also well settled that, with respect to remarks made by a prosecutor at sentencing, “[t]he sentencing court is permitted to consider any evidence relevant to the defendant’s history and character in making a sentence determination . . . The key to proper sentencing procedure is whether the defendant has been afforded an opportunity to refute the information before the court which may negatively influence the court’s determination” (People v Williams, 195 AD2d 492, 493 [1993]).
 

 Here, defense counsel did not object to the content of the information provided by the prosecutor or question its validity. To the contrary, counsel objected solely on the ground that the victims did not provide the information through the presen-tence investigation process. Indeed, counsel said that “the fact that the [victims] were going about their daily business and it was disrupted by my client’s crimes, clearly that’s something we can deduce from what occurred here,” and counsel took “as a given that any violent crime[ ] has an effect on its victims.” Thus, inasmuch as defendant failed to allege that he was deprived of an opportunity to challenge the content of the information provided by the prosecutor (cf. People v James, 114 AD3d 1312, 1312 [2014]), the court did not err in sentencing defendant without expressly ruling on his objection.
 

 Finally, the sentence is not unduly harsh or severe.
 

 Present — Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.