People v Chambers (2019 NY Slip Op 07175)





People v Chambers


2019 NY Slip Op 07175


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


863 KA 19-00442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAE-KWON CHAMBERS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 28, 2017. Defendant was resentenced upon his conviction of attempted arson in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted arson in the second degree (Penal Law §§ 110.00, 150.15) and, in appeal No. 2, he appeals from the resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal
No. 1 insofar as it imposed sentence must be dismissed (see People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]).
We otherwise affirm the judgment in appeal No. 1 and affirm the resentence in appeal No. 2 (see People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016]). Initially, we agree with defendant that his waiver of the right to appeal is invalid because County Court "conflated the right to appeal with those rights automatically forfeited by the guilty plea" (People v Rogers, 159 AD3d 1558, 1558 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). The record therefore does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]).
Defendant, however, failed to preserve his contention that the court erred in sentencing him without resolving purported factual inconsistencies between the presentence report and the report from the Center for Community Alternatives inasmuch as defendant did not object to the disputed statements in the presentence report, nor did he move to strike them (see generally People v Dogan, 154 AD3d 1314, 1316-1317 [4th Dept 2017], lv denied 30 NY3d 1115 [2018]; People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016]). We further conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status, and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see People v Quinones, 160 AD3d 1441, 1441 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]; People v Parmelee, 184 AD2d 534, 535 [2d Dept 1992]). "The decision whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (People v Williams, 204 AD2d 1002, 1002 [4th Dept 1994], lv denied 83 NY2d 973 [1994]). Despite the existence of some factors weighing in favor of such an adjudication, the record establishes that defendant, together with his codefendant, set multiple fires within a brief period of time, including at a residence where the occupants were sleeping and in a car where the fire spread to an adjacent residence. Although no [*2]one was harmed, the property damage was estimated at $500,000. In light of, among other things, the serious nature of the crime, we conclude that the court did not abuse its discretion in denying defendant's request.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court