People v Carter (2020 NY Slip Op 06650)





People v Carter


2020 NY Slip Op 06650


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


953 KA 15-01056

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES L. CARTER, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 23, 2015. The judgment convicted defendant upon a jury verdict of, inter alia, robbery in the first degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law
§ 160.15 [4]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), defendant contends that the evidence is legally insufficient to support the conviction of attempted murder in the second degree because the People failed to prove the element of intent. Defendant failed to preserve that contention for our review, however, inasmuch as he made only a general motion for a trial order of dismissal and never specifically directed County Court to that alleged error (see People v Woods, 284 AD2d 995, 996 [4th Dept 2001], lv denied 96 NY2d 926 [2001]; see also People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]; see generally People v Gray, 86 NY2d 10, 19 [1995]).
Viewing the evidence in light of the elements of attempted murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict on that count is against the weight of the evidence with respect to the element of intent (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Intent to kill may be inferred from defendant's conduct as well as from the circumstances surrounding the crime (see People v Perkins, 160 AD3d 1455, 1455-1456 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]; People v Lopez, 96 AD3d 1621, 1622 [4th Dept 2012], lv denied 19 NY3d 998 [2012]). Here, the People presented evidence that defendant and codefendant forcefully entered the apartment of the victim to commit an armed robbery; that defendant and the victim engaged in a physical altercation, which codefendant then joined and which moved out to the hallway; that codefendant went back into the apartment to rob another man in the apartment; and that defendant shot at the victim as the victim attempted to run down the hallway of the apartment building. Although a different verdict would not have been unreasonable (see generally Bleakley, 69 NY2d at 495), we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see People v Gottsche, 118 AD3d 1303, 1305-1306 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]; People v Stevens, 186 AD2d 832, 832-833 [2d Dept 1992], lv denied 81 NY2d 766 [1992]; see also People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016], lv denied 28 NY3d 937 [2016], cert denied — US &mdash, 137 S Ct 661 [2017]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court