People v Malone (2021 NY Slip Op 04300)





People v Malone


2021 NY Slip Op 04300


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


369 KA 19-00149

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHEN MALONE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 18, 2018. The judgment convicted defendant, after a nonjury trial, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the verdict is against the weight of the evidence with respect to his identity as the shooter. Even assuming, arguendo, that an acquittal would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence as to identity (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony at trial established that defendant made admissions to his family members regarding the shooting. Additionally, although no one saw him shoot the victim, there is ample circumstantial evidence establishing defendant's identity as the shooter, including video footage of defendant shortly before the shooting, witness testimony regarding defendant's actions immediately before and after the shooting, and ballistics and DNA evidence.
Defendant failed to preserve for our review his contention that he was deprived of a fair trial because of certain allegedly improper testimony regarding prior bad acts, i.e., his father's testimony that defendant had asked him to hold onto defendant's rifle on several occasions prior to the date of the crime (see CPL 470.05 [2]; People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]; People v Woods, 72 AD3d 1563, 1564 [4th Dept 2010], lv denied 15 NY3d 811 [2010]). In any event, as defendant correctly concedes, the prosecutor did not intentionally elicit that testimony and, thus, the testimony "[about] which defendant complains is not a ground for reversal" (People v Vasquez, 88 NY2d 561, 578 [1996]; see People v Thigpen, 30 AD3d 1047, 1048 [4th Dept 2006], lv denied 7 NY3d 818 [2006]; People v Holton, 225 AD2d 1021, 1021 [4th Dept 1996], lv denied 88 NY2d 986 [1996]).
To the extent that defendant contends that defense counsel was ineffective for failing to object to the allegedly improper testimony of defendant's father, we reject that contention. There was no allegation that the rifle in question was a "firearm" under Penal Law
§ 265.00 (3), and the possession of a rifle is not necessarily unlawful. Thus, the testimony of defendant's father did not constitute evidence of an uncharged crime or a prior bad act. In any event, we note that Supreme Court is presumed to have considered only competent evidence in reaching its verdict in this nonjury trial (see People v Dyson, 169 AD3d 917, 918 [2d Dept 2019], lv denied 33 NY3d 975 [2019]; see also People v Wise, 46 AD3d 1397, 1399 [4th Dept 2007], lv denied 10 NY3d 872 [2008]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court