People v Clea (2025 NY Slip Op 05590)

People v Clea

2025 NY Slip Op 05590

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

684 KA 20-01316

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MALIK CLEA, DEFENDANT-APPELLANT. 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 24, 2020. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree, assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the additional consecutive sentences of five years imposed pursuant to Penal Law § 265.09 (2) on counts 1, 2, 3, 5, and 7 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of burglary in the first degree (§ 140.30 [1], [2]), and one count each of robbery in the first degree (§ 160.15 [2]), assault in the first degree (§ 120.10 [1]), criminal use of a firearm in the first degree (§ 265.09 [1] [a]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). The conviction arose from events in which a man—later identified as defendant—entered the apartment of the victim, engaged in a confrontation with the victim in the kitchen during which the victim sustained severe gunshot wounds to his face and groin and, after an interaction with the victim's girlfriend in another room, exited the apartment with money and drugs.
Preliminarily, we note that the notice of appeal filed by defense counsel does not correctly identify the date on which the judgment was rendered. Nevertheless, inasmuch as that notice of appeal is otherwise accurate, we exercise our discretion, in the interest of justice, and treat that notice of appeal as valid (see CPL 460.10 [6]; People v McCants, 239 AD3d 1306, 1306 [4th Dept 2025], lv denied — NY3d — [2025]).
Defendant contends that County Court erred in refusing to suppress any physical evidence and statements obtained as a result of his encounter with the police that occurred shortly after the incident. We reject that contention. To the extent that defendant relies on trial testimony in support of his contention, we note that such reliance is improper here because " 'our review is limited to the evidence presented at the suppression hearing' " (People v Johnson, 192 AD3d 1612, 1613 [4th Dept 2021]; see People v Jennings, 295 AD2d 1000, 1000 [4th Dept 2002], lv denied 99 NY2d 536 [2002]; see generally People v Millan, 69 NY2d 514, 518 n 4 [1987]; People v Gonzalez, 55 NY2d 720, 721-722 [1981], rearg denied 55 NY2d 1038 [1982], cert denied 456 US 1010 [1982]). The evidence adduced at the suppression hearing, including police testimony and body-worn camera footage, establishes that an officer, a few minutes after being dispatched to the scene of the shooting and based on the description of the suspected perpetrator provided by the girlfriend, sent out a "be-on-the-lookout" (BOLO) radio transmission for a Black male of shorter stature with a beard and wearing a white t-shirt. Within minutes of receiving the BOLO and just one block from the location of the reported incident, the responding officer observed defendant, whose physical characteristics and clothing matched the description of the [*2]suspected perpetrator, pacing along a sidewalk, speaking on a cell phone, looking in several directions, and ducking down between parked cars when he noticed the responding officer's patrol vehicle. The responding officer did not observe any other individuals on the street who matched the description provided in the BOLO.
Based upon the totality of those circumstances, we conclude that the responding officer initially had at least the requisite founded suspicion that criminal activity was afoot to justify a common-law inquiry when he exited the patrol vehicle and attempted to approach defendant (see People v Dogan, 154 AD3d 1314, 1315 [4th Dept 2017], lv denied 30 NY3d 1115 [2018]; People v Williams, 30 AD3d 980, 981 [4th Dept 2006], lv denied 7 NY3d 852 [2006]). Defendant, however, "fled before the [responding officer] had the opportunity to approach . . . to make such an inquiry and, based on his flight, his temporal and spacial proximity to the scene of the crime, [his furtive behavior,] and his similarity in appearance to the description of the suspect provided by the [girlfriend]," we further conclude that "the police had the requisite reasonable suspicion to justify their pursuit of [defendant]" (Williams, 30 AD3d at 981; see Dogan, 154 AD3d at 1315; People v Mitchell, 118 AD3d 1417, 1417-1418 [4th Dept 2014], lv denied 24 NY3d 963 [2014]; see generally People v Sierra, 83 NY2d 928, 929 [1994]). When the police noticed blood on defendant's pants after apprehending him in the backyard of the residence where the shooting occurred, their reasonable suspicion ripened into probable cause to arrest defendant (see People v Schollin, 255 AD2d 465, 466 [2d Dept 1998], lv denied 93 NY2d 878 [1999]; see also People v Betancourt, 153 AD2d 750, 752 [2d Dept 1989], lv denied 75 NY2d 767 [1989]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see People v Renaldo, 239 AD3d 1470, 1471 [4th Dept 2025]; People v Thomas, 176 AD3d 1639, 1640 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]), particularly in light of the overwhelming circumstantial evidence presented by the People (see People v Lacey, 229 AD3d 1270, 1273 [4th Dept 2024], lv denied 42 NY3d 971 [2024]; People v Malone, 196 AD3d 1054, 1055 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]; People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]). Contrary to defendant's related contention, we conclude that the verdict on the count of attempted murder in the second degree is not against the weight of the evidence with respect to the element of intent to cause the victim's death (see People v Carter, 188 AD3d 1674, 1674-1675 [4th Dept 2020], lv denied 36 NY3d 1096 [2021]).
Defendant also contends that the court, by applying the sentence enhancement provision associated with his conviction of criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [a]; see § 265.09 [2]), erred in imposing an additional consecutive sentence of five years to the sentence imposed on certain counts of the indictment for which he was convicted. We agree.
"A person is guilty of criminal use of a firearm in the first degree when [the person] commits any class B violent felony offense . . . and [the person] either: (a) possesses a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged; or (b) displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 265.09 [1]). However, "[w]hen use of or display of a firearm is an element of a class B felony, the use or display of that same firearm cannot also be the predicate for criminal [use] of a firearm in the first degree" (People v Brown, 67 NY2d 555, 560 [1986], cert denied 479 US 1093 [1987]; see People v Wegman, 2 AD3d 1333, 1335 [4th Dept 2003], lv denied 2 NY3d 747 [2004]). Furthermore, the statute also includes a sentence enhancement provision (see generally William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, Penal Law § 265.09). Specifically, the statute provides in relevant part that, "[n]otwithstanding any other provision of law to the contrary, when a person is convicted of criminal use of a firearm in the first degree as defined in [Penal Law § 265.09 (1)], the court shall impose an additional consecutive sentence of five years to the sentence imposed on the underlying class B violent felony offense where the person convicted of such crime displays a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged, in furtherance of the commission of such crime" (§ [*3]265.09 [2]).
As an initial matter, we agree with defendant that, contrary to the People's assertion, his challenge is directed to the legality of the sentence, not to the propriety of the conviction of criminal use of a firearm in the first degree, and thus his challenge does not require preservation (see People v Rhodes, 281 AD2d 225, 227 [1st Dept 2001], lv denied 96 NY2d 906 [2001]; see generally People v Samms, 95 NY2d 52, 56 [2000]). With respect to the merits, we agree with defendant that the sentence enhancement provision does not apply to his conviction of attempted murder in the second degree under count 1 (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree under count 7 (§ 120.10 [1]) because neither of those offenses were charged in the indictment or to the jury as a predicate for criminal use of a firearm in the first degree under count 8 (§ 265.09 [1] [a]), and thus neither of those offenses constitute "the underlying class B violent felony offense" upon which the court could impose an additional consecutive sentence of five years (§ 265.09 [2]; cf. Rhodes, 281 AD2d at 227).
We further agree with defendant that the sentence enhancement provision does not apply to his conviction of burglary in the first degree under count 2 (Penal Law § 140.30 [1]) and robbery in the first degree under count 5 (§ 160.15 [2]). Given that the use or display of a firearm is an element of each of those crimes and "the use or display of that same firearm cannot also be the predicate for criminal [use] of a firearm in the first degree" (Brown, 67 NY2d at 560), neither of those crimes may serve as "the underlying class B violent felony offense" upon which the court could impose an additional consecutive sentence of five years (§ 265.09 [2]; see generally Wegman, 2 AD3d at 1335; People v Merriweather, 298 AD2d 950, 950-951 [4th Dept 2002], lv denied 99 NY2d 561 [2002]).
We also agree with defendant that the sentence enhancement provision does not apply to his conviction of burglary in the first degree under count 3 (Penal Law § 140.30 [2]). Although that crime is premised on defendant having caused physical injury to the victim (see id.), was charged in the indictment and to the jury as a predicate class B violent felony offense for criminal use of a firearm in the first degree under count 8 (§ 265.09 [1] [a]), and does not include the use or display of a firearm as an element (cf. Brown, 67 NY2d at 560), the record does not establish that the jury found that defendant, "in furtherance of the commission of such crime," "display[ed] a loaded weapon from which a shot, readily capable of producing death or other serious injury[,] may be discharged" (§ 265.09 [2] [emphasis added]; cf. Rhodes, 281 AD2d at 227-228). Defendant's conviction under Penal Law § 265.09 (1) (a) "did not involve the display of a loaded, operable weapon" (People v Argueta, 194 AD3d 857, 861 [2d Dept 2021], lv denied 37 NY3d 970 [2021]), and the victim—the only person other than defendant who was present in the room where the shooting occurred—had no recollection of defendant's entry into the apartment or of the events that transpired during the shooting that caused his physical injuries (cf. § 265.09 [2]; Rhodes, 281 AD2d at 227-228; see generally Governor's Approval Mem, Bill Jacket, L 1996, ch 650 at 9).
Consequently, we modify the judgment by vacating the additional consecutive sentences of five years imposed pursuant to Penal Law § 265.09 (2) on counts 1, 2, 3, 5, and 7 of the indictment. Finally, contrary to defendant's contention, we conclude that the sentence, as modified, is not unduly harsh or severe.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court