■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Duncan, J.), rendered December 22, 1983, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The arresting officers had probable cause to believe that the defendant had committed criminal trespass. It is well settled that information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest (see, People v Moore, 32 NY2d 67, 71, cert denied 414 US 1011; People v Hairston, 117 AD2d 618, 620, lv denied 67 NY2d 884; People v Sanders, 79 AD2d 688). In the case at bar, the hearing testimony indicates that the arresting officers received a radio call based upon the complainant's reporting that a prowler was in the vicinity of the complainant's home. One of the officers spoke with the complainant and was informed that the defendant was seen within her fenced-in yard and received a description of the defendant. The defendant was then seen by the officer and the defendant fled. This officer radioed a description of the defendant and his direction of flight to a fellow officer who immediately apprehended the defendant. Under these circumstances, the police had probable cause to believe that the defendant had committed the trespass and

their arrest of the defendant was therefore proper. Consequently, the defendant's contention that the stolen property abandoned by him in the police vehicle and found by the police and that his inculpatory statements were the fruits of an illegal arrest is without merit.

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.