◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE DEWITT, Appellant.—Judgment, Supreme Court, New York County (Myriam Altman, J.), rendered April 26, 1985, convicting defendant, after a jury trial, of murder in the second degree, is unanimously affirmed.

Defendant's claims (1) that he was arrested without prob-

able cause, and (2) that the police entry into his apartment was illegal, have not been preserved for appellate review as a matter of law because no suppression hearings were held in the trial court *(People v Martin,* 50 NY2d 1029). Additionally, we decline to review these claims of defendant in our interest of justice jurisdiction.

Further, were we to address the merits of defendant's first two contentions, we would find (1) that the record amply supports the conclusion that the police had probable cause to arrest defendant *(People v Scott,* 135 AD2d 846) and (2) that the police entry into defendant's apartment was consensual and proper *(Payton v New York,* 445 US 573).

Similarly, defendant failed to preserve for review the issues concerning jury instruction regarding the identification of defendant *(People v Thomas,* 50 NY2d 467, 472-473) and the failure of the court to give a "missing witness" charge *(People v Gonzalez,* 68 NY2d 424, 427-428). Additionally, because defendant has failed to show that the probable testimony of the anonymous telephone caller would have been anything but cumulative, we find no merit in defendant's argument that a missing witness charge is necessary *(People v Gonzalez, supra).*

Finally, because the defendant failed to make a showing that a "reasonable view of the evidence * * * would support a finding that the defendant committed [manslaughter in the first degree] but did not commit [murder in the second degree]", the request for the submission of a charge as a lesser included offense of murder in the second degree was properly denied (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63-64). Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.