■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUFEMIO MENDEZ, Appellant.—Judgment of Supreme Court, New York County (Franklin Weissberg, J.), rendered on January 3, 1989, convicting defendant, after a jury trial, of two counts of murder in the second degree and sentencing him to two consecutive indeterminate prison terms of 25 years to life, unanimously affirmed.

Defendant, his common-law wife Mary Hernandez, their son Eufemio Mendez, Jr., and Hernandez' daughter Amy Fuentes lived in one room within the apartment of their friends Clara Molano and Angel Tejada. On June 30, 1987, defendant ar-

gued with and beat Hernandez. Tejada ordered defendant to move out because of his constant fighting with Hernandez. Defendant then shot Tejada in the chest and pursued Molano, also shooting her.

Evidence of crimes not charged in the indictment is inadmissible if they are introduced for the sole purpose of establishing criminal propensity. *(People v Alvino,* 71 NY2d 233, 241.) The introduction of such evidence to establish motive is an exception to this general rule. *(People v Molineux,* 168 NY 264, 293; *People v Mees,* 47 NY2d 997, 998.) Such evidence may also be introduced to complete a witness's narrative to assist the jury in their comprehension of the crime. *(People v Hernandez,* 139 AD2d 472, 477, *lv denied* 72 NY2d 957.) For these reasons, evidence of defendant's abusive behavior toward his common-law wife was admissible at trial.

We do not find that the sentence imposed was unduly harsh or severe. The defendant has a history of violent behavior and has shown no remorse for his actions. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.