■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CINTRON, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered May 14, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, and which sentenced him to an indeterminate term of 8-⅓ to 25 years imprisonment and a definite term of 6 months imprisonment, respectively, unanimously affirmed.

Defendant was convicted of the beating death of an acquaintance who owed him money for drugs. A companion of defendant provided information to the police concerning the event. At defendant's apartment, one officer, upon being given entry, saw defendant fleeing through the ground floor window. Defendant was apprehended outside by awaiting police officers. At the precinct, defendant, in attempting to minimize his own role in the beating, inculpated a third party whom we note was not the informant. Defendant's father, testifying at trial, claimed that the People's witness, the informant, was the one who had initiated the assault and had delivered the fatal blows upon the victim.

Defendant's belated contention, at the close of the *Huntley* hearing, that police carried out a warrantless arrest inside defendant's home in violation of *Payton v New York* (445 US 573), is unreviewable. Defendant never timely moved by written motion to suppress his statements on *Payton* grounds, nor properly moved after expiration of the 45-day motion period by demonstrating that in an exercise of due diligence, he could not reasonably have raised this claim within the statutory period (CPL 255.20 [1], [3]; 710.60 [1]). As such, defendant has preserved no record for appellate review *(People v Charleston,* 54 NY2d 622; *People v DeWitt,* 155 AD2d 279, *lv denied* 75 NY2d 769). In any event, since the detective was given entry into the home, and defendant was seen escaping out of the window, *Payton* is not applicable.

The trial court properly denied defendant's application to recall the detective to question whether the informant had omitted certain facts from his first report of the crime, as a

means of impeaching the informant as to a collateral matter *(People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905). This claim is unpreserved, defendant having failed to specifically object to evidence concerning defendant's drug-dealing activities (CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947). Further since such evidence was relevant to complete the narrative *(People v Mendez,* 165 AD2d 751, *lv denied* 77 NY2d 880), and pertinent as to defendant's motive *(supra; People v Molineux,* 168 NY 264; *People v Alvino,* 71 NY2d 233), defendant's argument is without merit. Defense counsel abandoned his request for an accomplice corroboration charge with respect to the informant. Thus, this claim of error is unpreserved for review as a matter of law (CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273) and we decline to review. We have examined appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.