■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BERNARD, Appellant. [637 NYS2d 692] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 12, 1992, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, unanimously affirmed.

Defendant's failure to object to the trial court's proposed procedure regarding its *Sandoval* ruling renders his current claim of error unpreserved (CPL 470.05; *People v Claudio*, 64 NY2d 858). In any event, the court's advance ruling that it would permit cross-examination of defendant regarding the prior bad acts outlined by the prosecutor, subject to an in-depth hearing at an appropriate time that could result only in a narrowing of the scope of cross-examination permitted, afforded defendant an appropriate opportunity to consider whether to take the witness stand (*People v Sandoval*, 34 NY2d 371, 375).

Defendant's claims of error in connection with the admission of testimony involving his criminal activities as a gang member

are for the most part unpreserved by appropriate objection (CPL 470.05; *see, People v Gines*, 36 NY2d 932, 933). In any event, such testimony was admissible on the People's direct case, as highly probative of motive (*People v Molineux*, 168 NY 264), inextricably interwoven with the narrative of events (*People v Vails*, 43 NY2d 364), and necessary background to explain to the jury the unique relationship between defendant and the witnesses who, by virtue of their common membership in the gang, were privy to defendant's activities relevant to the instant crimes (*see, People v Mendez*, 165 AD2d 751, *lv denied* 77 NY2d 880). Any prejudice to defendant from this testimony was far outweighed by its probative value (*People v Boyd*, 164 AD2d 800, 803, *lv denied* 77 NY2d 904). Additionally, police testimony regarding general criminal activities of the gang was properly admissible as relevant to credibility issues before the jury (*see, People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673). While the unique circumstances herein necessitated the introduction of a substantial amount of uncharged crimes evidence, the trial court's repeated instructions to the jury assured that defendant would not suffer undue prejudice. Further, in light of the overwhelming evidence of defendant's guilt of the crimes charged, any error in the admission of the subject testimony would be rendered harmless (*People v Beavers*, 173 AD2d 348, *lv denied* 78 NY2d 961).

The trial court responded in a meaningful manner to the jury's requests for readback, appropriately exercising its discretion in requesting clarification of the notes sent by the jury when counsel disagreed with the court's interpretation thereof (*People v Almodovar*, 62 NY2d 126, 131-132). In each case, the jury indicated no dissatisfaction with the court's response and the court was not obligated to accede to counsel's request to provide information beyond that requested by the jury (*supra*). Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.