THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant. [691 NYS2d 218] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and harassment in the second degree (Penal Law § 240.26 [1]). Supreme Court properly denied defendant's motion to suppress the gun. The victim advised the police that she had been assaulted by defendant and that defendant had a gun, and when the police approached defendant he led them on a car chase. "The eyewitness victim of a crime can provide probable cause for the arrest of the perpetrator" (*People v Starr,* 221 AD2d 488, 489, *lv denied* 87 NY2d 1025). After validly placing defendant under arrest and not finding the gun on his person, the police had probable cause to search the car without a warrant pursuant to the automobile exception (*see, People v Belton,* 55 NY2d 49, 53-55, *rearg denied* 56 NY2d 646). Any potential prejudice to defendant arising from testimony that the gun was stolen was alleviated by the court's limiting instructions (*see, People v Williams,* 240 AD2d 347, *lv denied* 90 NY2d 944). We reject the contention of defendant that he was denied effective assistance of counsel. Upon our review of the record, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). We also reject defendant's contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see, People v Gray,* 84 NY2d 709, 712). Defendant's contentions concerning alleged police perjury and the failure of the court to give a circumstantial evidence instruction are not preserved for our review (*see,* CPL 470.05 [2]), and we decline

to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.