People v Jones (2020 NY Slip Op 00433)





People v Jones


2020 NY Slip Op 00433


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2015-06853
 (Ind. No. 5146/12)

[*1]The People of the State of New York, respondent,
v
Lawrence Jones, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered July 10, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the defendant that the Supreme Court should not have admitted, over his objection, the testimony of the People's DNA expert because such testimony violated the defendant's right of confrontation (see US Const Sixth Amend). In order to satisfy the Confrontation Clause where the People seek to introduce testimonial DNA evidence, "an analyst who witnessed, performed or supervised the generation of defendant's DNA profile, or who used his or her independent analysis on the raw data, as opposed to a testifying analyst functioning as a conduit for the conclusions of others, must be available to testify" (People v John, 27 NY3d 294, 315; see People v Austin, 30 NY3d 98, 104). The People's expert failed to establish that her review of the DNA testing and reports of others involved using her own independent analysis of the raw data (see People v Austin, 30 NY3d at 104; People v John, 27 NY3d at 315; People v Dyson, 169 AD3d 917).
Nevertheless, the error in admitting the testimonial DNA evidence was harmless. Further, assuming, without deciding, that it was error for the Supreme Court to deny the defendant's motion to direct the People to turn over certain electronic raw data created during DNA testing, that error was also harmless. "[P]roof of the defendant's guilt, without reference to the . . . DNA evidence, was overwhelming and there was no reasonable possibility that the [jury] would have acquitted the defendant had it not been for the error" (People v Dyson, 169 AD3d at 919; see People v Crimmins, 36 NY2d 230; People v Murdock, 163 AD3d 590, 591; People v Jacob, 117 AD3d 1079; People v Witherspoon, 116 AD3d 800). At trial, a witness, who had known the defendant since middle school, testified that he agreed to meet the defendant and the decedent to plan a robbery. The witness further testified to seeing the defendant shoot the decedent. Another accomplice testified regarding the defendant's participation in the shooting. Moreover, the revolver used to shoot the decedent was recovered from the defendant's home, and ballistics testing matched that revolver to the bullet recovered from the decedent's body and a bullet fragment recovered on the scene. In addition, cell phone data established that the defendant made phone calls from his cell phone near the site of the crime.
The defendant failed to preserve for appellate review his contention that the Supreme Court deprived him of a fair trial by admitting evidence that he, the witness, and the decedent were members of the same gang (see CPL 470.05[2]). In any event, this contention is without merit. The court providently exercised its discretion in admitting evidence of gang membership because it was inextricably interwoven with the narrative of events leading up to the shooting (see People v Vails, 43 NY2d 364) and provided necessary background information to explain to the jury the relationship between the defendant, the witness, and the decedent (see People v Bernard, 224 AD2d 192; People v Mendez, 165 AD2d 751). Any prejudice to the defendant was outweighed by the probative value of the evidence (see People v Molineux, 168 NY 264; People v Giuca, 58 AD3d 750; People v Washington, 28 AD3d 335; People v Elder, 12 AD3d 379; People v Edwards, 295 AD2d 270; People v Bernard, 224 AD2d 192; People v Boyd, 164 AD2d 800).
The defendant's contention that the Supreme Court erred in failing to give a limiting instruction as to the evidence that he was in a gang is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The defendant likewise failed to preserve for appellate review his challenge, on Molineux grounds (see People v Molineux, 168 NY 264), to the People eliciting evidence that he agreed to meet with the witness and the decedent to commit a robbery (see CPL 470.05[2]). Furthermore, the defendant waived this objection by using the testimony about planning the robbery at trial. The defendant highlighted that the witness did not mention the planning for the robbery in his earliest statement to the police and further used the witness's willingness to commit the robbery to attack his credibility (see People v Picart, 171 AD3d 799; People v Flores, 210 AD2d 1).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit (People v Douglas, 162 AD3d 1212; see People v Mamadou, 129 AD3d 993).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court