People v Denton (2020 NY Slip Op 05772)





People v Denton


2020 NY Slip Op 05772


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10070
 (Ind. No. 523/16)

[*1]The People of the State of New York, respondent,
v
Andrew Denton, appellant.


Richard M. Langone, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered August 21, 2017, convicting him of reckless endangerment in the first degree (two counts), assault in the first degree, assault in the second degree, and criminal mischief in the fourth degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by reducing the convictions of assault in the first degree and assault in the second degree to a conviction of assault in the third degree, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for sentencing on the conviction of assault in the third degree.
In the afternoon of December 26, 2015, the defendant and a codefendant, Jacob Palant, threw bricks from a pedestrian overpass into traffic on the Meadowbrook Parkway. After leaving the overpass and eating dinner, the defendant and the codefendant returned to the overpass and threw more bricks into traffic. During this second round, three vehicles traveling on the Meadowbrook Parkway sustained damages. A passenger in one of the vehicles sustained injuries when a brick struck the windshield, causing the windshield to shatter and glass to enter her left eye. After a jury trial, the defendant was convicted of two counts of reckless endangerment in the first degree, one count of assault in the first degree, one count of assault in the second degree, and three counts of criminal mischief in the fourth degree.
The defendant's contentions that certain counts in the indictment as charged to the jury were duplicitous and multiplicitous and that the Supreme Court's jury charges were confusing or erroneous are unpreserved for appellate review, and, under the circumstances of this case, we decline to reach them in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v McClean, 137 AD3d 940, 942; People v Jerry, 126 AD3d 1001, 1002; People v Nash, 77 AD3d 687).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion. The court's ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue [*2]of his credibility and the potential prejudice to the defendant (see People v Malak, 117 AD3d 1170, 1174).
However, for the reasons stated in our decision on the appeal of the codefendant (see People v Palant, 176 AD3d 872), the defendant's convictions of assault in the first degree and assault in the second degree should be reduced to a conviction of assault in the third degree. We vacate the sentences imposed upon the convictions of assault in the first degree and assault in the second degree and remit the matter to the Supreme Court, Nassau County, for sentencing on the conviction of assault in the third degree.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court