People v Argueta (2021 NY Slip Op 03067)





People v Argueta


2021 NY Slip Op 03067


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-09536
 (Ind. No. 953/17)

[*1]The People of the State of New York, respondent,
v
Miguel Urias Argueta, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered July 23, 2019, convicting him of attempted murder in the second degree, attempted assault in the first degree, attempted assault in the second degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 10 years to be followed by 5 years of postrelease supervision on the convictions of attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree (two counts), a concurrent indeterminate term of imprisonment of 1 to 3 years on the conviction of attempted assault in the second degree, and a determinate term of imprisonment of 5 years to be followed by 5 years of postrelease supervision on the conviction of criminal use of a firearm in the first degree, to run consecutively to all other terms of imprisonment.
ORDERED that the judgment is modified, on the law, (1) by vacating the conviction of attempted assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by directing that all sentences shall run concurrently; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The testimony regarding the defendant's membership in a gang and prior encounters with the victim was properly admitted to establish motive and intent, and to explain the defendant's connection to his accomplices and their relationship with the victim (see People v Bailey, 32 NY3d 70, 83; People v Mansilla, 187 AD3d 794, 796; People v Oliver, 19 AD3d 512, 512-513), and the prejudicial effect of that testimony did not outweigh its probative value (see People v Sarkodie, 172 [*2]AD3d 909, 911).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel did not object to the challenged remarks (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Mais, 133 AD3d 687, 688-689). In any event, the challenged remarks constituted a fair response to defense counsel's summation (see People v Galloway, 54 NY2d 396, 399; People v Johnson, 127 AD3d 785, 786; People v Harris, 117 AD3d 847, 859, affd 26 NY3d 1).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for new assigned counsel, made prior to the commencement of the retrial. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at [the] defendant's option" (People v Sides, 75 NY2d 822, 824; see People v Washington, 25 NY3d 1091, 1095; People v Sawyer, 57 NY2d 12, 18-19). A trial court's duty to consider substitution arises "only where [the] defendant makes a 'seemingly serious request[ ]'" (People v Porto, 16 NY3d 93, 100, quoting People v Sides, 75 NY2d at 824). Here, the record does not support the conclusion that the defendant's request was based on specific factual allegations of a serious complaint about his counsel (see People v Porto, 16 NY3d at 100-101; People v Ward, 121 AD3d 1026, 1027-1028).
Contrary to the defendant's contention, criminal possession of a weapon in the second degree as charged in counts 6 and 7 to the jury are not inclusory concurrent counts of criminal use of a firearm in the first degree as charged in count 4 to the jury. "Concurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30[4]). To demonstrate that a count is a lesser included offense in accordance with CPL 1.20(37), a defendant must establish "that it is theoretically impossible to commit the greater crime without at the same time committing the lesser" (People v Glover, 57 NY2d 61, 64). "Such determination requires the court to compare the statutes in the abstract, without reference to any factual particularities of the underlying prosecution" (People v Repanti, 24 NY3d 706, 710; see People v Glover, 57 NY2d at 64). "If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met" (People v Green, 56 NY2d 427, 431).
As charged in count 6 to the jury, criminal possession of a weapon in the second degree can only be committed if the possession occurs outside of the defendant's home or place of business (Penal Law § 265.03[3]). Criminal use of a firearm in the first degree, however, can be committed anywhere, including in the defendant's home or place of business (Penal Law § 265.09[1][a]). Since the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met, and it is not a lesser included offense of the greater (see People v Leon, 7 NY3d 109, 112; People v Okafore, 72 NY2d 81, 89 n 3; People v Totten, 161 AD2d 678).
As charged in count 7 to the jury, criminal possession of a weapon in the second degree is committed when a person possesses a loaded firearm with the intent to use it unlawfully (Penal Law § 265.03[1][b]). As charged here, criminal use of a firearm in the first degree requires that the defendant commit a class B violent felony offense and possess a loaded deadly weapon, but no culpable mental state is required with respect to that possession (Penal Law § 265.09[1][a]). "A crime which as defined by the Penal Law includes as an element [the] defendant's mental state . . . cannot be a lesser included offense of a crime in the definition of which mental state plays no part" (People v Green, 56 NY2d at 429). Since it is possible for a defendant to commit a class B violent felony offense while in possession of a loaded firearm that the defendant has no intent to use unlawfully or otherwise, the subject count of criminal possession of a weapon in the second degree is not a lesser included offense of criminal use of a firearm in the first degree (see id. at 431-432; People v Miguel, 53 NY2d 920, 923-924; People v Newton, 61 AD2d 1051, 1052, affd 46 NY2d 877; People v Molineaux, 156 AD3d 1250, 1253-1254; see also People v Williams, 162 AD3d 694, 697-698).
As the People correctly concede, however, as charged here and under the circumstances, attempted assault in the second degree is an inclusory concurrent count of attempted assault in the first degree, and, therefore, the verdict of guilty upon the greater count is deemed to be a dismissal of the lesser count submitted (see CPL 300.40[3][b]; People v Green, 56 NY2d at 429-430; People v Rivera, 268 AD2d 538, 539). Accordingly, the conviction of attempted assault in the second degree and the sentence imposed thereon are vacated, and that count of the indictment is dismissed.
Regarding the sentence, the People concede that the consecutive sentence imposed on the conviction of criminal use of a firearm in the first degree was improper. The intent of Penal Law § 265.09(2) is that "the 'display[]' of a loaded weapon during the commission of a class B violent felony will automatically result in a five-year additional sentence, absent any of the mitigating factors set forth further in the subdivision" (People v Rhodes, 281 AD2d 225, 227, quoting Penal Law § 265.09[2]). This provision does not apply here, since the defendant's conviction under Penal Law § 265.09(1)(a) did not involve the display of a loaded, operable weapon (see id. § 265.09[2]), and his criminal liability for the predicate class B violent felony offense was based on the conduct of another pursuant to Penal Law § 20.00 (see Penal Law § 265.09[2]; cf. People v Sosa-Marquez, 177 AD3d 1003, 1005; People v Rhodes, 281 AD2d at 227). Accordingly, the Supreme Court was not required by Penal Law § 265.09(2) to "impose an additional consecutive sentence of five years to the sentence imposed on" the conviction of attempted murder in the second degree. We therefore modify the judgment of conviction so as to direct that all sentences run concurrently (see CPL 470.20; People v LaSalle, 95 NY2d 827, 829). The sentence imposed, as so modified, was not excessive (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court