People v Haygood (2022 NY Slip Op 00603)





People v Haygood


2022 NY Slip Op 00603


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1129 KA 19-00446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CYRELL HAYGOOD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 30, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree
(§ 265.03 [3]). We reject defendant's contention that Supreme Court violated his right to be present at a material stage of trial when it excluded him, but not his attorney, from portions of the Molineux hearing, specifically, in-chambers discussions concerning an affidavit in which a witness alleged that he had knowledge of defendant's gang affiliation. The identity of the witness was shielded by a stipulated protective order, and we therefore conclude that the "potential for input from defendant was outweighed by valid concerns for the witness['s] safety, underlying the need for defendant's exclusion" (People v Baker, 139 AD3d 591, 591 [1st Dept 2016], lv denied 28 NY3d 1025 [2016]; see People v Frost, 100 NY2d 129, 135 [2003]; People v Israel, 176 AD3d 413, 414 [1st Dept 2019], lv denied 34 NY3d 1129 [2020]).
We conclude that the testimony regarding defendant's membership in a gang was properly admitted at trial inasmuch as it was relevant to establish motive and intent and to explain defendant's relationship with the victim (see People v Bailey, 32 NY3d 70, 83 [2018]; People v Polk, 84 AD2d 943, 945 [4th Dept 1981]) and the prejudicial effect of that testimony did not outweigh its probative value (see People v Alvino, 71 NY2d 233, 241-242 [1987]). Moreover, the court alleviated any prejudice to defendant by providing an appropriate limiting instruction (see generally People v Cruz, 261 AD2d 930, 930 [4th Dept 1999], lv denied 93 NY2d 1016 [1999]).
Defendant's sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court