People v Walker (2022 NY Slip Op 04744)

People v Walker

2022 NY Slip Op 04744

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2012-03359
 (Ind. No. 3784/09)

[*1]The People of the State of New York, respondent,
v
Jason Walker, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sullivan & Cromwell, LLP [Samuel S. Brickfield and Dwayne A. Amos], of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered April 3, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court deprived him of a fair trial by admitting evidence that he, the codefendant, and two eyewitnesses were gang members, and evidence regarding the nature of those gangs and the relationships between them, is without merit. The court providently exercised its discretion in admitting the gang-related evidence because it was probative of motive and the defendant's identity as the shooter, and was necessary background information to explain the relationship between the codefendant and the defendant, among other things (see People v Jones, 179 AD3d 948, 950; People v Moore, 164 AD3d 1370, 1371; People v Bernard, 224 AD2d 192, 192-193). Any prejudice to the defendant was outweighed by the probative value of the evidence, and was ameliorated by the court's limiting instructions (see People v Moore, 164 AD3d at 1371). The defendant's further contentions that the prosecutor's offer of proof was insufficient and that the evidence of motive was improper as such are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Agina, 103 AD3d 739, 742-743; People v Graves, 194 AD2d 925, 926-927). The defendant's contention is also unpreserved to the extent it can be construed as a challenge to any individual comment or question asked during voir dire, in opening or closing statements, or when examining witnesses (see CPL 470.05[2]; People v Davis, 144 AD3d 1188, 1190), and, in any event, without merit.
The defendant failed to preserve for appellate review his contention that the Supreme Court erred in limiting its readback of an officer's testimony as to when precisely the officer saw the defendant prior to the shooting to the testimony that the officer provided on direct examination, as the defendant did not object on that ground (see CPL 470.05[2]; People v Ekwegbalu, 131 AD3d 982, 984; People v Mehmedi, 118 AD2d 806, 806-807, affd 69 NY2d 759). In any event, the defendant's contention is without merit because the officer's "consistent denial that he made a prior inconsistent statement to another officer does not constitute impeachment testimony and its omission [*2]from the readback does not require reversal" (People v Jones, 297 AD2d 256, 257; see CPL 310.30; People v Sommerville, 159 AD3d 1515, 1516).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court