People v Savery (2022 NY Slip Op 05628)

People v Savery

2022 NY Slip Op 05628

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

652 KA 21-00849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACCAI SAVERY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTIN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered August 23, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Following a fatal shooting, Syracuse Police Department detectives interviewed defendant, and he indicated, among other things, that he and the decedent were members of a gang, had committed numerous robberies together, and had robbed a drug dealer from Yonkers on the day of the killing. Defendant told the detectives that the man from Yonkers must have shot the decedent after the robbery. On appeal, defendant contends that County Court erred in admitting in evidence the parts of that interview in which defendant made statements concerning his membership in a gang and his participation in prior robberies with the decedent. We reject defendant's contention.
It is well settled that "evidence of uncharged crimes is inadmissible where its only relevance is to show defendant's bad character or criminal propensity" (People v Agina, 18 NY3d 600, 603 [2012]). Nevertheless, "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]). Thus, the Court of Appeals has unequivocally stated that evidence of a defendant's prior bad acts, including "[e]vidence regarding gang activity can be admitted to provide necessary background, or when it is inextricably interwoven with the charged crimes, or to explain the relationships of the individuals involved" (People v Kims, 24 NY3d 422, 438 [2014] [internal quotation marks omitted]; see People v Bailey, 32 NY3d 70, 83 [2018]).
Here, the court did not abuse its discretion in admitting the evidence concerning defendant's gang membership. We conclude that the evidence was inextricably interwoven with the narrative of events leading up to the shooting, and provided necessary background information to explain to the jury the relationship between defendant, the decedent, and the eyewitnesses to the crimes (see Bailey, 32 NY3d at 83; People v Argueta, 194 AD3d 857, 858 [2d Dept 2021], lv denied 37 NY3d 970 [2021]; People v Jones, 179 AD3d 948, 950 [2d Dept 2020], lv denied 35 NY3d 942 [2020], reconsideration denied 35 NY3d 1027 [2020]). In addition, we conclude that "the prejudicial effect of [the evidence] did not outweigh its probative value" (Argueta, 194 AD3d at 858; see generally People v Alvino, 71 NY2d 233, 241-242 [1987]). Moreover, the court alleviated any prejudice to defendant by providing an appropriate limiting instruction (see Bailey, 32 NY3d at 83-84; People v Benjamin, 203 AD3d 617, 617 [1st [*2]Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Haygood, 201 AD3d 1363, 1364 [4th Dept 2022], lv denied 38 NY3d 951 [2022]).
Similarly, the court did not abuse its discretion in admitting evidence that defendant and the decedent had committed robberies together. That evidence was admissible "to complete the narrative of the events charged in the indictment . . . and [to] provide[] necessary background information" (People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009] [internal quotation marks omitted]; see People v Bullard-Daniel, 203 AD3d 1630, 1632 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Resto, 147 AD3d 1331, 1332-1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]).
Defendant also contends that the verdict is contrary to the weight of the evidence, based primarily upon his challenge to the credibility of the two eyewitnesses. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Contrary to defendant's contention, the eyewitnesses' testimony was not incredible as a matter of law (see People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]; People v Johnson, 153 AD3d 1606, 1607 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]). Although there were some inconsistencies in that testimony, it was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Caballero, 199 AD3d 1468, 1471 [4th Dept 2021], lv denied 38 NY3d 926 [2022], reconsideration denied 38 NY3d 949 [2022] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court