People v King (2023 NY Slip Op 05077)

People v King

2023 NY Slip Op 05077

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

687 KA 18-00796

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYSHAWN K. KING, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered April 27, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of indictment and consent to be charged under a single-count superior court information (SCI) was defective because the felony complaint charged a lesser included offense of a charge, arising from the same underlying incident, on which he had already been indicted. We reject that contention (see generally People v D'Amico, 76 NY2d 877, 879 [1990]; People v Colon, 42 AD3d 411, 412 [1st Dept 2007]; People v Waid, 26 AD3d 734, 735 [4th Dept 2006], lv denied 6 NY3d 839 [2006]). The fact that a defendant has already been indicted for a related offense does not prohibit a waiver of indictment on a "new charge contained in [a subsequent] felony complaint" (D'Amico, 76 NY2d at 879). Although we agree with defendant that a lesser included offense of a related charge on which a defendant has already been indicted would not constitute a "new charge" that would permit defendant to waive indictment and consent to be prosecuted by an SCI (see Colon, 42 AD3d at 412; see generally People v Pierce, 14 NY3d 564, 568 [2010]), we nevertheless reject defendant's contention inasmuch as the offense charged in the subsequent felony complaint—criminal possession of a weapon in the second degree (§ 265.03 [3])—is not a lesser included offense of the related charge on which he was indicted, criminal use of a firearm in the first degree (§ 265.09 [1]; see People v Argueta, 194 AD3d 857, 859-860 [2d Dept 2021], lv denied 37 NY3d 970 [2021]).
To establish that a count is a lesser included offense, a defendant must show " 'that it is theoretically impossible to commit the greater crime without at the same time committing the lesser' " (People v Repanti, 24 NY3d 706, 710 [2015], quoting People v Glover, 57 NY2d 61, 64 [1982]). "Such determination requires the court to compare the statutes in the abstract, without reference to any factual particularities of the underlying prosecution," and defendant must demonstrate that one offense is a lesser included offense of the other "in all circumstances, not only in those presented in the particular case" (id.). Defendant failed to do so. Comparing the applicable statutes, we conclude that criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) can "only be committed if the possession occurs outside of the defendant's home or place of business," an element that is not required by the count of criminal use of a firearm in the first degree (Argueta, 194 AD3d at 859; see
§ 265.09 [1]). To the extent that defendant relies on People v Lott (55 AD3d 1274, 1276 [4th Dept 2008]) and People v Fowler (45 AD3d 1372, 1374 [4th Dept 2007], lv denied 9 NY3d 1033 [2008]) for the contrary conclusion, those cases addressed former Penal Law § 265.03 (2), which did not contain this location-based element.
As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Grabowski, 200 AD3d 1718, 1718 [4th Dept 2021]). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court