People v Rice (2025 NY Slip Op 07319)

People v Rice

2025 NY Slip Op 07319

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-01139
 (Ind. No. 20105/18)

[*1]The People of the State of New York, respondent,
vJohnathan M. Rice, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered January 3, 2020, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, arising from the shooting of an individual in Poughkeepsie on September 5, 2018.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court properly dismissed, as grossly unqualified, a juror who was observed sleeping during the trial (see CPL 270.35[1]; People v Simpkins, 16 AD3d 601, 601).
"Evidence regarding gang activity can be admitted to provide necessary background, or when it is 'inextricably interwoven' with the charged crimes, or to explain the relationships of the individuals involved" (People v Kims, 24 NY3d 422, 438). Here, the County Court providently exercised its discretion in admitting evidence regarding the defendant's gang affiliation and drug activities. The evidence provided necessary background, explained the relationships of the individuals involved, and was inextricably interwoven with the charged crimes (see People v Savery, [*2]209 AD3d 1268, 1269; People v Jones, 179 AD3d 948, 950). Moreover, the probative value outweighed its potential prejudice, and the court alleviated any prejudice to the defendant by providing appropriate curative instructions to the jury (see People v Frederick, 211 AD3d 1034, 1036; People v Oliver, 19 AD3d 512, 513).
Contrary to the defendant's contention, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion. The court's ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the potential prejudice to the defendant (see People v Cannon, 239 AD3d 986, 989; People v Denton, 187 AD3d 933, 934).
The County Court providently exercised its discretion in concluding that the value of a requested demonstration did not outweigh its potential for prejudice or misleading the jury. The probative value of the requested demonstration was limited in light of video footage of the shooting. Moreover, the conditions surrounding the requested demonstration were not substantially similar to the conditions present when the crime was committed (see People v Dunaway, 134 AD3d 952, 953).
Contrary to the defendant's contention, the People demonstrated that certain witnesses had sufficient contact with the defendant to achieve a level of familiarity that rendered their opinions as to his identity as the shooter in the video footage of the shooting helpful to the jury (see People v Cannon, 239 AD3d at 987; People v Trowell, 172 AD3d 1112, 1113).
Moreover, the County Court properly instructed the jury on consciousness of guilt (see People v Edwards, 208 AD3d 510, 517-518; People v Brown, 138 AD3d 1014, 1014).
The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during the opening statement is unpreserved for appellate review as the defendant made only a general objection and failed to request further curative relief when his objection was overruled (see People v Robinson, 228 AD3d 960, 961; People v Silva, 175 AD3d 515, 515). Moreover, most of the defendant's arguments regarding certain comments made by the prosecutor during summation are largely unpreserved for appellate review. In any event, the majority of the challenged remarks constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110). Further, to the extent that some of the challenged comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Bethea, 159 AD3d 710, 712).
The sentence imposed was not excessive (see People v Brisman, 43 NY3d 322; People v Suitte, 90 AD2d 80).
The defendant's contention concerning the denial of his application to use certain records to cross-examine a witness is based on matter de hors the record and, thus, not properly before this Court.
The defendant's remaining contentions are without merit.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court