People v Brown (2026 NY Slip Op 01629)

People v Brown

2026 NY Slip Op 01629

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND GREENWOOD, JJ.

5 KA 23-00578

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vANTTWAN BROWN, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PERRY DUCKLES, ACTING DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Monroe County Court (Barry L. Porsch, A.J), rendered March 17, 2023. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) arising from an incident in which defendant, while acting alone or in concert with two codefendants, shot the victim. Surveillance video showed defendant and the codefendants together inside a gas station convenience store. The victim entered the store and then immediately left upon seeing defendant and the codefendants. One of the codefendants removed a gun from his waistband and appeared to hand it to defendant as all three exited the store after the victim. Minutes later, a different surveillance video showed a Jeep pull into a residential driveway around the same time as a white SUV pulled into a lot a few houses away. A person wearing clothing generally matching that of defendant exited the SUV, ran to the Jeep, and fired shots into the Jeep before running back to the SUV. The victim, who was seated in the backseat of the Jeep, was killed by the gunshots. A nearby resident identified the SUV as a white Range Rover, and the evidence established that one of the codefendants owned such a vehicle.
Defendant contends that the People failed to comply with their initial disclosure obligations under CPL 245.20 (former [1] [k] [iv]) by turning over only summaries of disciplinary records of potential law enforcement witnesses and not the underlying documentation. Defendant does not allege a speedy trial violation inasmuch as CPL 30.30 (1) does not apply to this criminal action where defendant was charged with murder in the second degree (see CPL 30.30 [3] [a]), but he contends that the judgment should be reversed and, upon remittal, the records should be disclosed and County Court should impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by defendant (see CPL 245.80 [1] [a]; [2]). We reject defendant's contention that reversal is required under the circumstances of this case. Defendant sought the underlying documentation regarding officers who had substantiated findings resulting from investigations, but none of those officers testified at trial, and the records thus would not be subject to automatic discovery (see CPL 245.20 [former (1) (k) (iv)]; People v Cooperman, 225 AD3d 1216, 1219 [4th Dept 2024]).
We reject defendant's contention that the court abused its discretion in admitting in evidence four photographs found on a codefendant's cellphone that depicted defendant and the other codefendant standing with handguns at their feet. In determining whether evidence of a defendant's uncharged criminal acts should be admitted at trial, the court must first determine [*2]"whether the People have identif[ied] some material issue, other than the defendant's criminal propensity, to which the evidence is directly relevant" (People v Hu Sin, 44 NY3d 455, 460 [2025] [internal quotation marks omitted]; see People v Dorm, 12 NY3d 16, 19 [2009]). The photographs were taken approximately 40 minutes after the murder and were inextricably interwoven with and completed the narrative of events by establishing the association between defendant and the codefendants and the fact that they were together shortly after the murder (see People v Savery, 209 AD3d 1268, 1269 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Larkins, 128 AD3d 1436, 1438-1440 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]). Those photographs rebutted the defense theory that defendant and the codefendants separated after leaving the gas station and constituted circumstantial proof that defendant and the codefendants were together during the shooting. We further conclude that the probative value of the photographs outweighed the prejudicial effect (see Savery, 209 AD3d at 1269; see generally People v Leonard, 29 NY3d 1, 6-7 [2017]). Defendant's further contention that the limiting instruction provided by the court was insufficient to overcome the prejudicial effect of the evidence is not preserved for our review (see People v Hebert, 218 AD3d 1003, 1011 [3d Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
As defendant correctly concedes, he failed to preserve for our review his contention that the court's statements to a number of prospective jurors had a chilling effect on voir dire, tainted the entire venire, and deprived him of a fair trial (see CPL 470.05 [2]; see generally People v Singson, 40 AD3d 1015, 1017 [2d Dept 2007]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court erred in denying his challenge for cause to a prospective juror. The prospective juror's statements did not demonstrate "a state of mind that is likely to preclude" rendering an impartial verdict (CPL 270.20 [1] [b]) or a " 'preexisting opinion[ ] that might indicate bias' " (People v Patterson, 34 NY3d 1112, 1113 [2019], quoting People v Arnold, 96 NY2d 358, 363 [2001]). The court was therefore "not required to seek an assurance that [the prospective juror] could decide the case impartially" (People v Hall, 169 AD3d 1379, 1380 [4th Dept 2019], lv denied 33 NY3d 976 [2019] [internal quotation marks omitted]; see Patterson, 34 NY3d at 1113; see also People v Odum, 67 AD3d 1465, 1465 [4th Dept 2009], lv denied 14 NY3d 804 [2010], lv denied 15 NY3d 755 [2010], cert denied 562 US 931 [2010]). Moreover, even assuming, arguendo, that the prospective juror's statements " 'cast serious doubt on [her] ability to render an impartial verdict,' " we conclude that the record establishes that she gave an " 'unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence' " (People v Wright [appeal No. 2], 104 AD3d 1327, 1328 [4th Dept 2013], lv denied 21 NY3d 1012 [2013]; see People v Chambers, 97 NY2d 417, 419 [2002]). Indeed, viewing the prospective juror's statements "in totality and in context . . . , her assurances to the court adequately expressed her ability" to be fair and impartial (People v Warrington, 28 NY3d 1116, 1120 [2016]; cf. People v Johnson, 94 NY2d 600, 615 [2000]).
Defendant further contends that the court erred in denying his Batson claim by finding that he did not meet his step one burden of establishing a prima facie case of discrimination. We reject that contention. In order for the moving party to satisfy their burden at step one, they must " 'show[ ] that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason' " (People v Baxter, 108 AD3d 1158, 1159 [4th Dept 2013], quoting People v Smocum, 99 NY2d 418, 421 [2003]; see People v Bean, 229 AD3d 1231, 1232 [4th Dept 2024], lv denied 42 NY3d 1018 [2024], reconsideration denied 44 NY3d 1009 [2025]). "There are no fixed rules for determining what evidence will give rise to an inference sufficient to establish a prima facie case" (People v Bolling, 79 NY2d 317, 323-324 [1992], reconsideration denied 80 NY2d 827 [1992]). A defendant may satisfy their burden under the first step by demonstrating a "pattern of strikes or questions and statements made during the voir dire," or that "members of the cognizable group were excluded while others with the same relevant characteristics were not," or that the People excluded members of the cognizable group "who, because of their background and experience, might otherwise be expected to be favorably disposed to the prosecution" (People v Childress, 81 NY2d 263, 267 [1993]; see Bean, 229 AD3d at 1232; People v Boyd [appeal No. 2], 184 AD3d 1151, 1152 [4th Dept 2020]).
In support of defendant's Batson claim, defense counsel stated that there was a pattern of "removing minority jurors," and the prospective juror in question "told everyone he could follow the [c]ourt's instructions." Defense counsel's vague and conclusory statements were insufficient to establish a prima facie case of discrimination (see People v Jones, 11 NY3d 822, 823 [2008]; Boyd, 184 AD3d at 1152-1153), as defendant properly concedes on appeal. Defendant, however, contends that the statements made by one of the codefendants' counsel when joining defendant's Batson challenge were sufficient to establish a prima facie case. We disagree. The codefendant's counsel remarked that another prospective juror of color was also removed and "they both gave similar answers," which is insufficient to establish an inference of discrimination (see generally People v Hecker, 15 NY3d 625, 652-653 [2010], cert denied 563 US 947 [2011]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe, and we decline to vacate the surcharge and fees pursuant to CPL 420.35 (2-a) in the interest of justice (see People v Mejia, 243 AD3d 684, 684 [2d Dept 2025]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court